Robert G. Drummond
Chapter 13 Standing Trustee
P. O. Box 1829
Great Falls, Montana  59403-1829
Telephone:  (406) 761-8600
Facsimile: (406) 453-4663
I.D. Number 0636
Trustee@MTChapter13.com

(Trustee)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

---

| | |
|---|---|
| In re ) | |
| ) | No. 09-62011-13 |
| WILLIAM DAVID HOUSER and ) | |
| RENDI LYNN ABEL, ) | |
| ) | |
| Debtors. ) | |

---

**AMENDED CHAPTER 13 PLAN DATED DECEMBER 5, 2013**

---

1.  The future earnings and other income of the Debtors are submitted to the supervision and control of the Chapter 13 Standing Trustee as necessary for the execution of this Plan. Debtors shall pay to the Trustee the sum of $300.00 each month through October 2010. Commencing in November 2010, Debtors shall pay to the Trustee the sum of $975.00 each month through December 2013.  Commencing in January 2014, Debtors shall pay to the Trustee the sum of $1,800.00 each month through October 2014, or until all of the provisions of this Plan have been completed.  The first payment shall be due on 2 November 2009 and all subsequent payments shall be due on the 2nd day of each month.  It is contemplated that this Plan will take 60 months to complete.

Plan payments must commence within 30 days of the filing of the plan. The Debtors must make plan payments directly to the Trustee until their employer deduction begins.

2.  From the payments so received, the Trustee shall make disbursements as follows:

    (a)  <u>ADMINISTRATIVE CLAIMS.</u>  The Trustee shall pay those claims, fees or charges specified in 11 U.S.C. § 507(a)(2), including the Debtor(s) attorney fees and costs in such amount as may be allowed by the Court.  As of the date of this plan, Debtor(s) counsel estimates that total attorney fees and costs for representation of Debtor(s) (excluding the fee for filing the Debtor(s) petition) will be as follows:

|   |   |   |
|---|---|---|
| Estimated total attorney fees: | $ _____ * |
| Estimated total costs: | + $ _____ |
| Total estimated attorney fees and costs: | = $ _____ |
| Less retainer: | − $ _____ |
| TOTAL FEES AND COSTS TO BE PAID THROUGH PLAN: | $ <u>n/a      </u> |

(b) IMPAIRED SECURED CLAIMS. After the payments provided for above, the Trustee shall pay allowed secured claims, as determined pursuant to 11 U.S.C. § 506(a), together with interest at the rate set forth below from the date of confirmation, on a pro rata basis, as follows:

| Name of Creditor | Allowed Secured Claim * | Rate of Interest |
|---|---|---|
| HSBC Bank Nevada (Best Buy)*<br>Loan No. **** 0838*<br>Goods<br>Claim No. 18 | $ 500.00 | 5% |
| Suntrust Bank**<br>Loan No. 6228<br>2006 Nissan Pickup<br>Title G803643<br>Claim No. 12 | $ 14,750.00 | 5% |
| Bank of the West<br>Loan No. 399594525<br>2007 Subaru Legacy<br>Title G905418<br>Claim No. 6 | $ 15,353.24 | 5% |

\* See Court Order dated 19 April 2010 fixing value at $500.00.
\*\* See Court Order dated 12 January 2010 fixing value at $14,750.00.

[* This figure is the lesser of the total amount of the debt owing to the creditor or the value of the collateral securing said debt.]

Secured creditors shall retain their liens as provided by 11 U.S.C. § 1325(a)(5)(B). In order for any unsecured deficiency to be allowed and paid, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

Upon completion of full payment of allowed secured claims to Bank of the West and Suntrust Bank, Debtors shall be entitled to lien releases from Bank of the West and Suntrust Bank.

(c) UNIMPAIRED SECURED CLAIMS. The following secured creditors, whose claims will be left unimpaired by this Plan, are not provided for by this Plan and shall receive no payments through the Trustee except with regard to those arrearages specified below, if any:

| Name of Creditor | Description of Collateral |
|---|---|
| Bank of America*<br>Loan No. 145838032<br>Claim No. 10 | Homestead |
| Wells Fargo Bank**<br>Loan No. 65431564290001<br>Claim No. 9 | Homestead |

      GE Money Bank\*\*\*          2007 Honda ATV
      Loan No. 6034 6230 0768 6781
      Title G999367
      Claim No. _____

\* See Paragraph 4.
\*\* See Paragraph 4.
\*\*\* See Paragraph 4.

Concurrently with the payments on impaired secured claims specified above, the following arrearages on unimpaired secured claims, if any, shall be paid through the Trustee on a pro rata basis until the same have been paid in full:

**Name of Creditor**          **Amount of Arrearage**

None

Upon completion of the Plan, all pre-petition arrearages provided for by this Plan shall be deemed current.

(d) <u>DOMESTIC SUPPORT OBLIGATIONS.</u> After the payments provided for above, the Trustee shall pay all allowed pre-petition domestic support obligations. Such allowed claims for pre-petition domestic support obligations shall be paid in full under this Plan, without interest (unless otherwise provided).

**Creditor**          **Complete Address**          **Claim Amount**

None

(e) <u>PRIORITY CLAIMS.</u> After the payments provided for above, the Trustee shall pay allowed claims entitled to priority in such order as specified in 11 U.S.C. § 507.

None

(f) <u>GENERAL UNSECURED CLAIMS.</u> After the payments provided for above, the Trustee shall pay dividends, to the extent possible, to allowed unsecured, nonpriority claims on a *pro rata* basis.

(g) <u>LIQUIDATION ANALYSIS.</u> The total amount distributed under paragraphs 2.(e) and (f) above will be at least $6,000.00, which exceeds what would be available to pay unsecured claims if the Debtors' estate was liquidated under Chapter 7 of the Bankruptcy Code. No interest shall be paid nor accrue on any general, allowed, unsecured claims during the pendency of the Chapter 13 Plan, excluding nondischargeable student loan debt pursuant to 11 U.S.C. §523(a)(9). A discharge will not be entered by the Court until said sum has been distributed, or until all allowed unsecured claims have been paid in full, whichever is less.

3. <u>REJECTION OF CONTRACTS OR LEASES.</u> The Debtor(s) rejects the following executory contracts and unexpired leases, and shall surrender property subject to such contracts or leases:

**Type of Agreement**          **Date of Agreement**          **Other Party to Contract**

None

All other executory contracts and unexpired leases shall be affirmed.

4. SURRENDER OF PROPERTY.  The Debtors surrender any and all interest in the following described collateral to the stated secured creditor in full satisfaction of the creditor's allowed secured claim.  In order for any unsecured deficiency to be allowed and paid under this Plan, a proof of claim must be filed pursuant to Montana's Local Bankruptcy Rules.

| Secured Creditor | Description of Collateral |
|---|---|
| Bank of America<br>Loan No. 145838032<br>Claim No. 10 | Homestead |
| Wells Fargo Bank<br>Loan No. 65431564290001<br>Claim No. 9 | Homestead |
| GE Money Bank 2007<br>Loan No. 6034 6230 0768 6781<br>Title G999367<br>Claim No. _____ | Honda ATV |

5. POST-PETITION SECURED DEBT:  The Debtor(s) reserves the right to incur post-petition secured debts, upon prior written approval of the Trustee, for items necessary to Debtor(s) performance under this Plan.

6. REPORT OF CHANGES IN INCOME:  The Debtor(s) shall commit all projected disposable income to the Plan for the applicable commitment period and shall immediately report any changes in income in excess of $300 per month to the Trustee.

7. OTHER PROVISIONS:

a. All property shall remain property of the estate and shall vest in the Debtors only upon dismissal, discharge or conversion. Debtors shall be responsible for the preservation and protection of all property of the estate at all times, including the period of time between confirmation of Debtors' plan and the dismissal, discharge or conversion of this case.

8. DECLARATIONS:  Under penalty of perjury, Debtor(s) affirms that all federal and state income, employment and other tax returns due as of the date of this plan have been filed with the appropriate agency, and that all post-petition payments due on all domestic support obligations have been paid through the date of this Plan.

9. EFFECTS OF CONFIRMATION:  Upon confirmation of this plan, all issues that have been or could have been decided involving any creditors are *res judicata*, and Debtor(s) reserves all rights under applicable federal and state law with regard to those issues, including rights under 11 U.S.C. § 524(i).  Debtor(s) specifically reserves all rights under 11 U.S.C. § 524(i), including the right to ensure that all post-petition mortgage payments be applied and credited to Debtor(s) mortgage account as if the account were current and no pre-petition default existed.

10. PREVIOUS BANKRUPTCIES, AND DISCHARGE:

a. Under penalty of perjury, Debtors declare that he/she has not received a discharge in a previous bankruptcy case that would cause him/her to be ineligible to receive a discharge in the above-entitled case under 11 U.S.C. § 1328(f).

11. INCOME TAX REFUNDS:

a. Debtors project income tax refunds during the term of this plan, and such tax refunds are included in the Debtor(s) budget.

DATED December 5, 2013.

        Chapter 13 Standing Trustee
        P. O. Box 1829
        Great Falls, Montana 59403-1829


        By /s/ Robert G. Drummond
           Trustee


## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify under penalty of perjury that a copy of the within and foregoing **AMENDED CHAPTER 13 PLAN DATED DECEMBER 5, 2013** was sent by first class mail postage prepaid on December 5, 2013, at Great Falls, Montana, and directed to the following:

    See attached mailing matrix

        /s/ Tiffany Floerchinger
        Tiffany Floerchinger